Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of synthetic textile (acrylic) noils, the claim of the plaintiff was sustained.

**No. 68329.**—Ace Import Co., Inc., et al. v. United States, protests 62/18312, etc. (New York).

Opinion by OLIVER, C.J. In accordance with stipulation of counsel that the merchandise consists of plastic paperweights similar in all material respects to those the subject of Abstract 67488, the claim of the plaintiffs was sustained.

**No. 68330.**—International Models, Inc., and The Lee Herrmann Co. v. United States, protests 59/32437, etc. (New York).

Opinion by OLIVER, C.J. In accordance with stipulation of counsel that the merchandise is similar in all material respects to that the subject of *United States* v. *Polk's Model Craft Hobbies, Inc., et al.* (47 CCPA 137, C.A.D. 746), the items marked "A," stipulated to consist of HO gauge railroad accessories, were held dutiable at the appropriate rate, depending upon the date of entry, under the provision in paragraph 397, as modified by the General Agreement on Tariffs and Trade (T.D. 51802), or by the Sixth Protocol to the General Agreement on Tariffs and Trade (T.D. 54108), for manufactures of metal. The items marked "B," stipulated to consist of locomotives or other electrical articles, were held dutiable at 13¾ percent under the provision in paragraph 353, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade (T.D. 52739), for metal articles having as an essential feature an electrical element or device, as claimed.

**No. 68331.**—Polk's Model Craft Hobbies, Inc. v. United States, protests 60/919(C), etc. (New York).

Opinion by OLIVER, C.J. In accordance with stipulation of counsel that the merchandise is similar in all material respects to that the subject of *United States* v. *Polk's Model Craft Hobbies, Inc., et al.* (47 CCPA 137, C.A.D. 746), the items marked "A," stipulated to consist of HO gauge railroad accessories,

were held dutiable at the appropriate rate, depending upon the date of entry, under the provision in paragraph 397, as modified by the General Agreement on Tariffs and Trade (T.D. 51802), or by the Sixth Protocol to the General Agreement on Tariffs and Trade (T.D. 54108), for manufactures of metal. The items marked "B," stipulated to consist of locomotives or other electrical articles, were held dutiable at 13¾ percent under the provision in paragraph 353, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade (T.D. 52739), for metal articles having as an essential feature an electrical element or device, as claimed.

No. 68332.—Rice Bayersdorfer Co. v. United States, protests 63/4428, etc. (Philadelphia).

Opinion by WILSON, J. In accordance with stipulation of counsel that the merchandise consists of glass balls with stems similar in all material respects to those the subject of *Joseph Markovits, Inc.* v. *United States* (45 Cust. Ct. 151, C.D. 2216), the claim of the plaintiff was sustained.

BEFORE THE FIRST DIVISION, FEBRUARY 25, 1964

No. 68333.—Border Brokerage Co. v. United States, protest 61/4998 (Seattle).

OLIVER, Chief Judge: This protest relates to certain merchandise, invoiced as "BX Coretrays" and assessed with duty at the rate of 16⅔ per centum ad valorem under paragraph 412 of the Tariff Act of 1930, as modified, as manufactures of wood, not specially provided for. Although counsel for plaintiff, in his opening statement, claimed classification for the present merchandise as "packing boxes (empty), or packing-box shooks of wood," (R. 2), plaintiff's protest claims only that the articles are "Wood Packing Boxes," classifiable under the *eo nomine* provision therefor in paragraph 407, as modified by T.D. 52739, with a dutiable assessment of 3¾ per centum ad valorem. Since no valid amendment was filed to include claim for classification as packing-box shooks, our consideration herein must be limited to the issue raised by the protest. *Lansen-Naeve Corp.* v. *United States*, 37 Cust. Ct. 91, C.D. 1803; *J. W. Hampton, Jr., & Co., Inc.* v. *United States*, 37 Cust. Ct. 425, Abstract 60376. Thus, the sole question before us is whether the articles in question are packing boxes. If not, the collector's classification must be sustained.

One witness testified. He was the sales manager of the Canadian exporter, a manufacturer of diamond drill machinery, and whose business includes diamond drilling. Defendant offered two letters (defendant's exhibit A and B), sent by the Canadian exporter to plaintiff.

It appears from the record herein that the articles in question are core-trays that are used in the diamond drilling industry. Two forms of core-tray construction are mentioned. In a letter from the exporter to plaintiff (exhibit B, *supra*), they are referred to as "core box," which "is constructed by making